Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6767 | **DATE** | April 7, 2011 |
| **CASE TITLE** | *Breheny v. Fox's on Wolf* | | |

**DOCKET ENTRY TEXT:**

The motion for summary judgment filed by defendant Fox's on Wolf [#44] is granted. The clerk is directed to enter a Rule 58 judgment and terminate this case from the court's docket.

■[ For further details see text below.]

## STATEMENT

*Background*

    The facts in this diversity case are straightforward. On the evening of February 9, 2008, plaintiff Bridget Breheny braved the snow to dine with friends at Fox's on Wolf, a casual restaurant in Mokena, Illinois. On her way out, she slipped and fell on an "unknown and invisible substance" (Complaint at ¶ 5), which she later described as "something" (Breheny Dep. at 31). The area where Ms. Breheny fell had a tiled floor, no mat, and no handrails, and was a heavily trafficked location leading to the kitchen and dining room. A bus person who was also required to clear tables and maintain the restrooms was responsible for cleaning the floor, so Fox's staff did not continuously man the floor.

    Ms. Breheny testified that she did not see anything on the floor before she fell or during the five to ten minutes she remained on the floor waiting for paramedics to arrive. Her dining companions, who were with her when she fell, did not identify the reason for the fall, and Ms. Breheny could not recall after the fall whether her clothing became wet due to the fall. The supervisor working at Fox's on the evening of the fall rushed over after being told a customer had fallen and saw Ms. Breheny lying on the floor waiting for help, but did not see any substance or spill on the floor. The fall caused Ms. Breheny to tear her rotator cuff, which led to surgery and extensive rehabilitation.

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

| STATEMENT |
|---|

*Standard for A Motion For Summary Judgment*

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Valenti v. Qualex, Inc.*, 970 F.2d 363, 365 (7th Cir. 1992). A court should grant a motion for summary judgment only when the record shows that a reasonable jury could not find for the nonmoving party. *Id*.

*Discussion*

Ms. Breheny's fall occurred in Illinois, and the parties have both cited Illinois law. Accordingly, the court will apply Illinois law. The parties agree that no witness identified a specific substance on the floor or otherwise pointed to anything about the floor that caused the fall. From there, their positions diverge. Fox's stresses that to survive summary judgment, Ms. Breheny must "prove that some condition caused the fall and that this condition was caused by the defendant." *Kimbrough v. Jewel Companies, Inc.*, 416 N.E.2d 328, 332 (Ill. App. Ct. 1981). Because she has not pointed to any evidence explaining why she fell, Fox's concludes that it is entitled to summary judgment.

On the other hand, Ms. Breheny contends that a reasonable jury could conclude that Fox's was negligent because no one was assigned to continuously maintain the hallway, there was no handrail, and "[o]rdinary experience tells us that a heavily trafficked hallway covered with tile will be slippery, even if not soaked, on a snowy day." Response (Dkt. 46) at 3-4.

The court begins with Ms. Breheny's assertion that given the snowy weather, employees or guests must have tracked in water which caused her fall. First, this position is speculative. To survive summary judgment, Ms. Breheny must point to evidence from which a jury could accept her position. The record in this case shows that no witness saw any substance on the floor. This is unsurprising as Ms. Breheny herself described the cause of her fall as "unknown and invisible." Complaint at ¶ 5. Ms. Breheny also did not recall whether her clothes were wet after the fall. The theory that it was snowy so there must have been water on the tile floor is insufficient as it is factually unsupported. In this regard, the words of the Illinois Appellate Court in another case where the plaintiff fell on an unknown substance are particularly apropos:

> it is not enough for a plaintiff to show that he or she fell on the defendant's flooring. The plaintiff must go further and prove that some condition caused the fall and that this condition was caused by the defendant. Since the plaintiff has admitted that she does not know what caused the fall, and she has at no time mentioned other known witnesses who could present evidence as to this question, it is clear that plaintiff cannot prove her case and at trial a directed verdict for the defendant would be required. Accordingly the trial court properly granted the defendant's motion for summary judgment.

*Kimbrough v. Jewel Companies, Inc.*, 416 N.E.2d at 332.

(continued)

|**STATEMENT**|
|---|

Similarly, the court is unpersuaded by Ms. Breheny's argument that the bus person responsible for maintaining the floor must have negligently failed to remove the "unknown and invisible substance" because he was also responsible for bussing tables and cleaning the restrooms. To maintain a premises liability claim under Illinois law, a plaintiff must point to evidence showing that the defendant "knows of the condition or would have discovered the condition through the exercise of reasonable care." *Gentry v. Shop'n Save Warehouse Foods, Inc.*, 708 F.Supp.2d 733, 736-37 (C.D. Ill. 2010). "A defendant's knowledge of an unreasonable risk of harm can be established through either actual or constructive notice." *Porges v. Wal-Mart Stores, Inc.*, No. 09 C 3705, 2011 WL 939922, at \*6 (N.D. Ill. Mar. 15, 2011) (internal citations and quotations omitted).

Ms. Breheny understandably does not contend that Fox's had actual notice of an "unknown and invisible substance." The other option is constructive notice, as Fox's may be liable if "the substance was there a sufficient length of time so that in the exercise of ordinary care its presence should have been discovered." *Thompson v. Economy Super Marts, Inc.*, 581 N.E.2d 885, 888 (Ill. App. Ct. 1991). Given the inability of any witness to identify a substance on the floor responsible for Ms. Breheny's fall, the court cannot conclude that there is a triable fact as to whether Fox's should have discovered that substance and remediated it. The court also declines to find that Fox's should have been on constructive notice of a condition that even Ms. Breheny admits was invisible.

In any event, even if the court accepts Ms. Breheny's unsupported theory that invisible tracked-in water caused the tile to become slippery, causing her to fall, she still cannot survive summary judgment because under Illinois law, natural accumulations of water, ice and snow are not a basis for liability against a property owner. *See Judge-Zeit v. General Parking Corp.*, 875 N.E.2d 1209, 1215 (Ill. App. Ct. 2007). Tracked-in snow or ice is considered to be a natural accumulation and thus cannot be a basis of liability. *See Schwartz v. Sears, Roebuck & Co.*, 636 N.E.2d 642, 649 (Ill. App. Ct. 1993). Because the only explanation in her memorandum in opposition to Fox's motion for summary judgment is that tracked-in snow must have caused the tile to become slippery, she cannot establish negligence as a matter of law.

Ms. Breheny's final theory is that she is entitled to a trial to determine whether Fox's should have installed a handrail by the area where she fell. Under Illinois law, "[a] business owes its customers, as invitees, the duty to take reasonable care to avoid injuring them." *Peterson v. Wal-Mart Stores, Inc.*, 241 F.3d 603, 604 (7th Cir. 2001) (collecting cases). To prevail on a premises liability negligence claim, a plaintiff must prove all elements of a common law negligence claim. *Lee v. Phillips Petroleum Co.*, No. 00 C 4070, 2001 WL 604189, at \*2 (N.D.Ill. May 31, 2001). The elements of common law negligence under Illinois law are: (1) the existence of a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) an injury proximately caused by that breach. *Spencer v. KFC Corp.*, No. 06 C 4615, 2009 WL 249230, at \*22-23 (N.D. Ill. Feb. 3, 2009), *citing Ward v. K Mart. Corp.*, 554 N.E.2d 223 (Ill. 1990).

Ms. Breheny does not point to evidence from which a reasonable jury could conclude that Fox's had a duty to install a handrail next to a flat, tiled surface. Instead, she points to two cases that purportedly demonstrate that the absence of a handrail entitles her to a trial. The court disagrees with her assessment of Illinois law. In *Williams v. Alfred N. Koplin & Co.*, 448 N.E.2d 1042, 1047 (Ill. App. Ct. 1983), the defendant partially shoveled an exterior stairway. The court found that the handrail was inaccessible from the shoveled path and that the plaintiff slipped on the first step where snow had accumulated. *Id.* Because the defendant's

(continued)

|  |
| --- |
| **STATEMENT** |

actions made the handrail inaccessible, the court held that a trial was necessary to determine the cause of the plaintiff's fall and the impact of blocking the handrail. *Id.* The court also observed that the plaintiff could have chosen a different route, so the trier of fact would have to consider the plaintiff's comparative negligence. This case is inapposite as it does not colorably support the conclusion that Fox's was required to install handrails by the area where Ms. Breheny fell or that there is a triable issue of fact regarding those handrails.

Ms. Breheny's reliance on the second case she cites fares no better. In *Murphy v. Messerschmidt*, 368 N.E.2d 1299, 1303 (Ill. 1977), the plaintiff presented expert testimony that the defendant should have installed handrails when it built stairs. The court concluded that "[f]rom the expert witness' testimony, a jury could have reasonably concluded that the defendant, a man admittedly experienced in concrete construction, improperly and carelessly finished the concrete steps, leaving a smooth slick surface which, when wet, was even more slick, and that such condition existed on the date of the accident in accordance with plaintiff's testimony." *Id.* It also found that the trial court erred because it failed to consider the impact that the lack of handrails had on the plaintiff's fall even though the evidence showed that the defendant had a duty to install handrails. *Id.* Here, however, Ms. Breheny has pointed to no evidence showing that Fox's had a duty to install handrails. Expert testimony about the duty to install exterior handrails next to stairs is simply not comparable to no testimony whatsoever about the duty to install handrails along an interior wall next to a level surface.

Accordingly, the court appreciates the serious, negative impact that Ms. Breheny's fall has had on her life. Nevertheless, as a matter of law, Fox's is entitled to summary judgment as to her negligence claim. Fox's motion for summary judgment is, therefore, granted.